IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JENNY CRAIG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>TWININGS NORTH AMERICA, INC.<br><br>Defendant. | Case No. 5:14-cv-05214-TLB |

# JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26.1, and the Court's Initial Scheduling Order, counsel for Plaintiff and counsel for Defendants conferred. The following report is hereby submitted on behalf of all parties by agreement.

1. **Each party's Statement of the Case.**

   See attached.

2. **Jurisdiction.**

   The parties do not agree that the Court has subject matter jurisdiction over this matter with respect to the issue of standing. Plaintiff's position is that she has constitutional standing, and that the Court has jurisdiction. Defendant maintains that Plaintiff lacks standing under Article III, because she has not suffered "injury in fact," and under the Arkansas Deceptive Trade Practices Act, because she has not suffered "actual damages."

3. **"John Doe" defendants.**

   No "John Doe" defendants are named in this action.

4. **Joint statement on settlement.**

1

The parties do not foresee benefit from an "early" settlement conference.

5.  **Protective order**

    The parties have agreed to work toward a mutually agreed upon protective order, which will be forwarded to the Court for approval before confidential documents are produced.

6.  **Changes in timing, form, or requirements of mandatory disclosures under FED. R. CIV. P. 26(a).**

    <u>Plaintiff</u>:

    The Plaintiff proposes no changes. The mandatory disclosures will be due September 23, 2014.

    <u>Defendant</u>:

    Defendant will serve its mandatory disclosures by September 23, 2014. Defendant submits that the disclosure or discovery of copies of Rule 26(a)(1)(A)(ii) documents is premature given that Defendant has filed a dispositive motion (see item 16 below), the pleadings have not closed, and that the documents are highly confidential and cannot be produced without an agreed protective order in place.

7.  **Subjects on which discovery may be needed.**

    It is generally anticipated that discovery of the testimony of potential witnesses on the issues of class certification will be needed. Document production from the parties and third-parties is likewise needed and may include production of electronic information.

    <u>Plaintiff</u>:

    Plaintiff served a First Set of Interrogatories and a First Set of Requests for Production of Documents with the filing of its Class Action Complaint in the Circuit Court of Washington County, Arkansas on May 22, 2014, and wishes to pursue full discovery immediately.

    <u>Defendant</u>:

    Defendant asserts it is premature to require a response to the Plaintiff's First Set of Interrogatories and a First Set of Requests for Production of Documents, and proposes that discovery proceed after the Court rules on its motion to dismiss (see item 16, below), and the pleadings are closed.

2

      Should the Court deny Twinings' Motion to Dismiss and to Strike Class Allegations, the parties can meet and confer regarding a proposed discovery schedule. Twinings also reserves the right to request bifurcated discovery, with discovery of issues relating only to class certification taken first and discovery of merits issues suspended until after the Court rules on class certification.

8. **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

    (a) **Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.**

        The parties will produce discoverable electronically stored information that is reasonably available in the ordinary course of business. The parties will work in good faith to agree upon an acceptable format and reasonable procedures for production of specifically-requested documents or data if any unanticipated issues arise.

    (b) **The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business.**

        At this time, it is not anticipated that there will be production of data beyond what is reasonably available to the parties in the ordinary course of business. Should discovery issues arise, the parties agree to meet and confer, and attempt to resolve any such issues prior to seeking relief from the Court.

    (c) **The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production.**

        The information will be produced via hard copy, disk or other electronic means.

    (d) **Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.**

Yes.

(e) **Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

None known at this time.

9. **Date by which discovery should be completed.**

**Plaintiff**:

Plaintiff requests that discovery relating to class certification should proceed immediately. Plaintiff proposes that she be permitted to propose deadlines for the completion of discovery after a ruling on the motion for class certification.

**Defendant**:

Defendant submits that it is premature for discovery on class certification issues, and proposes that discovery proceed after the Court rules on its Motion to Dismiss (see item 16, below), and the pleadings are closed. Should the Court deny Twinings' Motion to Dismiss, the parties can meet and confer regarding a proposed discovery schedule. Defendant reserves the right to request bifurcated discovery of class certification issues.

10. **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

None at this time.

11. **Any orders which should be entered.**

The parties have agreed to work toward a mutually agreed upon protective order which will be forwarded to the Court for approval before confidential documents are produced.

12. **Objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

None.

4

13. **Any objections to the proposed trial date.**

    **Plaintiff:**

    Plaintiff proposes that she be permitted to propose a trial date after a ruling on the motion for class certification.

    **Defendant:**

    Pursuant to the Order, no response is required. See Order, p. 2.

14. **Proposed deadline for joining other parties and amending the pleadings.**

    **Plaintiff:**

    Plaintiff proposes that she be permitted to propose a deadline for joining parties and amending the pleading after a ruling on the motion for class certification.

    **Defendant:**

    Defendant proposes that the parties be permitted to agree a deadline for joining parties and amending the pleading after a ruling on the Motion to Dismiss (see item 16, below).

15. **Proposed deadline for completing discovery.**

    See item 9 above.

16. **Proposed deadline for filing motions other than motions for class certification.**

    **Plaintiff:**

    The Plaintiff proposes that she be permitted to propose deadlines for filing motions other than motions for class certification after a ruling on the motion for class certification.

    Defendant filed a Motion to Dismiss or Alternatively to Strike Class Allegations on September 15, 2014. Plaintiff anticipates requesting an additional thirty (30) days (to November 1, 2014) to respond to the Motion to Dismiss.

5

**Defendant**:

Defendant filed a Motion to Dismiss or Alternatively to Strike Class Allegations on September 15, 2014. Defendant proposes that deadlines for other motions be set after a ruling on the Motion to Dismiss.

17. **Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.**

   **Plaintiff**:

   The Plaintiff proposes that the deadline for filing a motion for class certification should be 30 days after the Court rules on the Defendant's Motion to Dismiss. The Plaintiff proposes a response to be filed by 60 days after the filing of the Motion for Class Certification and a reply to be filed by 30 days after the filing of the Response.

   **Defendant**:

   Given Twinings' Motion to Dismiss and to Strike Class Allegations, it is premature to set a briefing schedule for class certification. Twinings therefore requests that the Court conduct another case management conference after it has ruled on the Motion to Dismiss. In any event, the briefing schedule for class certification should reflect the amount of time necessary to conduct expert and factual discovery of issues relating to class certification. Twinings proposes a period of 120 days from the Court's ruling on the Motion to Dismiss for briefing on the issue of class certification.

Dated: September 23, 2014                Respectfully submitted,

/s/ Thomas P. Thrash
Thomas P. Thrash (ABA No. 80147)
Marcus N. Bozeman (ABA No. 95287)
**THRASH LAW FIRM, P.A.**
1101 Garland Street
Little Rock, AR 72201
Telephone: (501) 374-1058
Facsimile: (501) 374-2222

/s/ Kenneth R. Shemin
Kenneth R. Shemin
**SHEMIN LAW FIRM, PLLC**
3333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758
Telephone: (479) 250-4764
Facsimile: (479) 845-2198

*ATTORNEYS FOR PLAINTIFF*

/s/ Kevin A. Crass
Kevin A. Crass
R. Christopher Lawson
**Friday, Eldredge & Clark, LLP**
400 W. Capitol Ave., Suite 2000
Little Rock, AR 72201-3522
Telephone: (501) 370-1592
Facsimile: (501) 244-5370

/s/ David L. Wallace
David L. Wallace, *Pro Hac Vice*
Michael R. Kelly, *Pro Hac Vice*
**HERBERT SMITH FREEHILS NEW YORK, LLP**
450 Lexington Ave., 14th Floor
New York, NY 10017
Telephone: (917) 542-7600
Facsimile: (917) 542-7601

*ATTORNEYS FOR DEFENDANT*

## PARTIES' STATEMENTS OF THE CASE

**Plaintiff's Statement**: Pursuant to Paragraph 3(A) of this Court's Initial Scheduling Order, Plaintiff Jenny Craig states that since at least May of 2009, Defendant Twinings North America, Inc. has marketed and sold in Arkansas various flavors of tea (the "Food Products"), as identified in the First Amended Complaint, via labels that promote the Food Products, as a "natural source of antioxidants." (First Am. Compl. ¶¶ 1-5, 9.) In actuality, controlling standards prohibit Twinings from touting its tea as a "natural source" of "antioxidants" because (1) the antioxidants are not named, (2) there are no RDIs for the antioxidants being touted, (3) no antioxidants in tea are capable of qualifying for a "good source" or "high source" claim, and (4) Ocean Spray lacks scientific evidence that the claimed antioxidants participate in the various processes that inactivate free radicals or prevent free radical initiated chemical reactions after they are eaten and absorbed. (*Id.* ¶¶ 10, 33, 35, 38.) As such, the Food Products are misleading and "misbranded" under the Arkansas Food, Drug, and Cosmetic Act. Ark. Code Ann. § 20-56-209(7), (8)(A).

Plaintiff purchased the Food Products after reviewing their labels during the Class Period (First Am. Compl. ¶ 56). Plaintiff cares about the nutritional content of food, and she had no reason to believe – and did not believe – that Twinings' tea was anything but a validly recognized "natural source of antioxidants," as it purported to be. (*Id.* ¶¶ 55, 59-60.) Plaintiff would not have bought the Food Products had she known that they were mislabeled, especially given that such products cannot legally be sold or held under Arkansas law. (*E.g., id.* ¶¶ 65, 67.)

Pursuing claims under the Arkansas Deceptive Trade Practices Act and the state common law of Unjust Enrichment, Breach of Implied Warranty of Merchantability, Breach of Express Warranty, and Negligence, Plaintiff has brought this lawsuit on behalf of a Class of Arkansas consumers to recover from Twinings the full amount the Class paid for worthless Food Products.

8

**Defendant's Statement**:   This putative class action is a copy-cat suit modeled on the template used in a raft of consumer fraud cases originally centered in California that are now spreading to other jurisdictions.  In these lawsuits, the class consists exclusively of individuals whose alleged harms are intangible and purely hypothetical – leading them to be dubbed "harm-less lawsuits."  See M. Greve, HARM-LESS LAWSUITS? WHAT'S WRONG WITH CONSUMER CLASS ACTIONS (AEI Press 2005).  The cases were developed by a team of more than a dozen plaintiffs' lawyers.  After "research[ing] regulations and product labels for two years," they identified their target as food and beverage manufacturers.  S. Storm, Lawyers From Suits Against Big Tobacco Target Food Makers, N.Y. TIMES, Aug. 18, 2012.

The complaint here is a virtual carbon copy of a prior California action against Defendant, where plaintiff was denied class certification for money damages.  See *Lanovaz v. Twinings North America, Inc.*, No. CV12-02646-RMW, 2014 WL 1652338 (N.D. Cal. Apr. 24, 2014), appeal denied, No. 14-80070 (9th Cir. July 9, 2014). Plaintiff's theory of liability has two prongs, each rooted in Twinings' use of the terms "Natural source."  First, she alleges that Defendant's products are "misbranded" because they are packaged and labeled in violation of Arkansas law, rendering them unlawful to sell and legally worthless.  Second, she alleges that Defendant's labels are deceptive and unfair because they make claims about nutrient content, antioxidant content, and health benefits.  In conclusory fashion, she claims to have reasonably relied in substantial part on the labels and been deceived into purchasing the products.  Defendant contends that Plaintiff's claims are without merit.

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2014, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Arkansas by using the CM/ECF system and that service will be accomplished by the CM/ECF system on all counsel of record.

/s/ Kenneth R. Shemin
Kenneth R. Shemin