**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

JENNY CRAIG, individually and on behalf of all
others similarly situated,

Plaintiff,

Case No. 5:14-cv-05214-TLB

v.

TWININGS NORTH AMERICA, INC.

Defendant.

<u>**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**</u>

Kevin A. Crass (84029)
R. Christopher Lawson (93083)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas  72201-3522
Telephone: (501) 376-2011
Facsimile: (501) 376-2147
crass@fridayfirm.com
lawson@fridayfirm.com

David L. Wallace (*Pro Hac Vice*)
Michael R. Kelly (*Pro Hac Vice*)
HERBERT SMITH FREEHILLS
NEW YORK LLP
450 Lexington Avenue, 14th Floor
New York, New York  10017
Telephone Phone: (917) 542-7600
Facsimile: (917) 542-7601
david.wallace@hsf.com
michael.kelly@hsf.com

*Attorneys for Defendant*
TWININGS NORTH AMERICA, INC.

**TABLE OF CONTENTS**

SUMMARY ................................................................................................................................1

LITIGATION BACKGROUND .................................................................................................1

ARGUMENT ..............................................................................................................................3

    I. THERE IS NO "MANIFEST ERROR" FOR RULE 59(e) PURPOSES ..........................................3

        A.  Rule 59(e) Is Not a Vehicle to Relitigate Old Matters ................................................4

        B.  Plaintiff's "New" Arguments Were All Previously Available ....................................5

            1.   The Sprouts Letter Is Not Controlling Authority ....................................................6

            2.   Rejection of Non-Controlling Authority Is Not "Manifest Error" ............................9

    II. PLAINTIFF IS NOT WITHIN SHOUTING DISTANCE OF RULE 60(b) ................................11

        A.  No Legally Cognizable "Mistake" ...............................................................................12

        B.  No "Exceptional Circumstances" ................................................................................13

    CONCLUSION .....................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Page**

*Ackermann v. U.S.*, 340 U.S. 193 (1950) ............................................................... 14

*Arrieta v. Battaglia*, 461 F.3d 861 (7th Cir. 2006)............................................. 12, 14

*Atkinson v. Prudential Prop. Co.*, 43 F.3d 367 (8th Cir. 1994)................................ 12

*Auer v. Robbins*, 519 U.S. 452 (1997) ........................................................................ 7

*Bilal v. Kaplan*, 956 F.2d 856, 857 (8th Cir. 1992)...................................... 11, 12, 13

*Bronson v. Johnson & Johnson, Inc.*, 2013 U.S. Dist. LEXIS 54029 (N.D. Cal. Apr. 16, 2013)............ 10

*Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 Fed. Appx. 113 (9th Cir. 2012) .................................. 10

*Christensen v. Harris County*, 529 U.S. 576 (2000) ................................................... 8

*Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156 (2012)............................ 9

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*,
        702 F.3d 1147 (8th Cir. 2013)....................................................................... 12

*Cline v. Hoogland*, 518 F.2d 776 (8th Cir. 1975)...................................................... 13

*Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F.Supp.2d 1130 (D. Kan. 2005) ......................... 5

*CytoSport, Inc. v. Vital Pharm., Inc.*, 894 F.Supp.2d 1285 (E.D. Cal. 2012) ................................ 7

*Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) ................................................... 4

*Fox v. Brewer*, 620 F.2d 177 (8th Cir. 1980) ..................................................... 12, 13

*Gitson v. Trader Joe's Co.*, 2013 WL 5513711 (N.D. Cal. Oct. 4, 2013) .................... 7

*Gonzales v. Oregon*, 546 U.S. 243 (2006) .................................................................. 7

*Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2005)...................... 5, 12, 13

*Hartman v. Lauchli*, 304 F.2d 431 (8th Cir. 1962)......................................... 12, 13

*Hill v. Rios*, 722 F.3d 937 (7th Cir. 2013)................................................................ 14

*Holder v. U.S.*, 721 F.3d 979 (8th Cir. 2013);.................................................. 3, 4, 6

*Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993).............................................. 11

*In re Zimmerman*, 869 F.2d 1126 (8th Cir. 1989) .................................................... 12

*Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*,
141 F.3d 1284 (8th Cir. 1998) ............................................................................... 3, 11

*Lawley v. Northam*, 2013 WL 4525288 (D. Md. Aug. 23, 2013) ............................................. 6

*Liljeberg v. Health Servs. Acq. Corp.*, 486 U.S. 847 (1988) ............................................. 12, 14

*Link v. Wabash R.R.*, 370 U.S. 626 (1962) ......................................................................... 13

*Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857 (8th Cir. 2011) ...................................... 4

*Mincey v. Head*, 206 F.3d 1106 (11th Cir. 2000) ................................................................. 5

*Murphy v. Mo. Dep't of Corr.*, 506 F.3d 1111 (8th Cir. 2007) .............................................. 12

*N.Y.C. Apparel F.Z.E. v. U.S. Customs and Border Protection Bureau*,
618 F.Supp.2d 75 (D.D.C. 2009) ............................................................................... 10

*Pardini v. Unilever U.S., Inc.*, 2013 U.S. Dist. LEXIS 95756 (N.D. Cal. July 9, 2013) ........... 10

*Perez v. Mortgage Bankers Assoc.*, 575 U.S. __, 2015 WL 998535 (Mar. 9, 2015) ................... 8

*Peviani v. Hostess Brands, Inc.*, 750 F.Supp.2d 1111 (C.D. Cal. 2010) ................................. 10

*S. Constructors Group v. Dynalectric Co.*, 2 F.3d 606 (5th Cir. 1993) ..................................... 4

*Sasser v. Norris*, 2007 WL 1159634 (W.D. Ark. April 18, 2007) ........................................... 4

*Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*,
586 F.3d 500 (7th Cir. 2009) ..................................................................................... 7

*Sioux Valley Hosp. v. Bowen*, 792 F.2d 715 (8th Cir. 1986) .................................................. 9

*Solis v. Summit Contractors, Inc.*, 558 F.3d 815 (8th Cir. 2009) ............................................ 8

*Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060 (8th Cir. 1986) ...................... 11, 12, 13

*Summit Tech., Inc. v. High-Line Med. Inst., Co.*, 933 F. Supp. 918 (C.D. Cal. 1996) ............... 7

*Trazo v. Nestlé USA, Inc.*, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ................................ 10

*U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284 (4th Cir. 2002) ....... 6, 11

*U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930 (8th Cir. 2005) ......................................... 4

*Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877 (C.D. Cal. 2013) ................................ 10

*Williams v. Norris*, 461 F.3d 999 (8th Cir. 2006) ............................................................. 5, 6

**Statutes**

21 U.S.C. § 343-1(a) .......................................................................................................... 1

21 U.S.C. § 343(r)(1)(A) .................................................................................................... 7

**Regulations**

21 C.F.R. § 101.9(j) ........................................................................................................... 5

21 C.F.R. § 101.13(b) ................................................................................................. 5, 7, 8

**Rules**

Fed. R. Civ. P. 59(e) .................................................................................................. *passim*

Fed. R. Civ. P. 60(b) ................................................................................................. *passim*

**Other Authorities**

Food Labeling: Nutrient Content Claims,
    58 Fed. Reg. 2302 (Jan. 6, 1993) ................................................................................ 9

Remarks by Margaret A. Hamburg, M.D., FDA Commissioner on "Effective Enforcement and
    Benefits to Public Health," *Food and Drug Law Institute* (Aug. 6, 2009) ..................... 9

11 C. Wright & A. Miller, FED. PRAC. & PROC. § 2810.01 (2d ed. 2012) ................................ 4

11 C. Wright & A. Miller, FED. PRAC. & PROC. § 2864 (2d ed. 2012) .................................. 12

Defendant Twinings North America, Inc. (Twinings) respectfully submits this memorandum in support of its opposition to plaintiff Jenny Craig's motion for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

## SUMMARY

Relying on recycled arguments previously presented to the court, and a litigation choice her legal representative now regrets, plaintiff fails to make the showing required to bring her motion within the narrow reach of either of the rules she invokes for relief. These rules are not vehicles for rehashing arguments or presenting new theories that could have been raised before. Because the motion does not thread the needle, it is without merit and should be denied.

## LITIGATION BACKGROUND

Plaintiff is an unhappy litigant seeking a mulligan from the Court.

She brought this proposed class action last May, alleging that Twinings expressly "characterizes the level" of antioxidants in its products in violation of federal and state food labeling laws by putting the words "tea is a natural source of antioxidants" on its packaging. She says this is an unauthorized nutrient-content claim (Dkt. 16, ¶¶ 32-36 and 38-39).

Twinings moved to dismiss last September, arguing:  (a) that the challenged statement is not a nutrient-content claim, because it does not expressly or implicitly "characterize[] the level" of antioxidants in its products; and (b) that since plaintiff was seeking to impose labeling requirements "not identical" to federal law, her claims were barred by the doctrine of express pre-emption under 21 U.S.C. § 343-1(a)(5) (Dkt. 19-1, at 14-17).  Plaintiff devoted five pages of her opposition brief to Twinings' pre-emption argument, stressing the "presumption against preemption," referring the Court to decisions issued by California federal district courts, discussing FDA nutrition-labeling regulations at length, and leaning heavily

1

upon the contents of a March 2011 warning letter from the FDA to non-party Jonathan Sprouts, Inc. (Sprouts letter), "in which [that agency] specifically targeted a 'source' type claim like the one used by Twinings" (Dkt. 26, at 10-14).

The Court granted Twinings' motion and entered judgment on February 5, 2015, finding that "the challenged statement regarding teas being a 'source' of antioxidants is not a nutrient-content claim because it does not purport to characterize the level of antioxidants pursuant" to federal law (Dkt. 29, at 10).  It reached this result after duly "weighing" the Sprouts letter for "relevance" and persuasiveness, and finding it lacking on both counts because: (a) "warning letters 'do not mark the consummation of FDA's decision making'"; (b) such "letters are not final agency action"; and (c) "an FDA warning letter does not necessarily compel action by the recipient nor the agency, and does not represent a decision from which legal consequences would flow" (*id*., at 13-14).

Seeking a "second bite at the apple," plaintiff now invokes Rules 59(e) and 60(b), asking "the Court to reconsider its Order dated February 5, 2015 … and amend, alter, and relieve [her] from the subsequent Judgment" (Dkt. 32, at 1).  She contends reconsideration is necessary under Rule 59(e) to correct a "manifest error of law" or, alternatively, under Rule 60(b)(1) and (6), based on "a showing of mistake" or "any other reason that justifies relief" (*id*., at 1-2).  More specifically, she maintains that the Court's "ruling that plaintiff's 'natural source' claims are expressly preempted" is either a "manifest error of law" or a "mistake" requiring correction (*id*.).  As support for both contentions, plaintiff faults the Court for failing to "defer" to the Sprouts letter, which she describes as "persuasive authority" supportive of her argument against pre-emption (*id*., at 2-3).  In resurrecting and enlarging this argument, however, plaintiff

does not allege that the Court overlooked or ignored any controlling authority that might reasonably be expected to alter its pre-emption holding.

The only explanation submitted for not more fully briefing this argument before now is that: "In retrospect, it is clear that Plaintiff did not place sufficient importance on this issue" (*id*., at 2). She seems to blame Twinings for her neglectfulness, yawping that it "devoted just a single paragraph, with only four sentences of argument, to the proposition that the representations at issue are not nutrient content claims" (*id*.). Fishing for a do-over, she hopes "that a more thorough presentation of the issues and relevant authorities" will sway the Court (*id*.).

## ARGUMENT

Making the same core argument she ran in opposition to Twinings' pre-emption argument, which this Court rejected upon full and fair consideration, plaintiff's motion for reconsideration is fatally flawed and frivolous. Her arguments are so weightless they could not withstand a warm breeze.

As we show below, the only "manifest error" or "mistake" in the record belongs to plaintiff, and nothing she says comes within shouting distance of "exceptional circumstances."

## I.
## THERE IS NO "MANIFEST ERROR" FOR RULE 59(e) PURPOSES

Rule 59(e) empowers a district court "to alter or amend a judgment." Under this Circuit's precedent, "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998), citing *Hagerman v. Yukon Energy Corp*., 839 F.2d 407, 414 (8th Cir. 1988). See also *Holder v. U.S*., 721 F.3d 979,

986 (8th Cir. 2013); *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011); *U.S.* v. *Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2005).

Reconsideration following entry of a judgment "is an extraordinary remedy which should be used sparingly."  11 C. Wright & A. Miller, FED. PRAC. & PROC. § 2810.01 (2d ed. 2012).  Although this rule permits a court to alter or amend a judgment, it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).  For these reasons, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  So it should be here.

### A.   Rule 59(e) Is Not a Vehicle to Relitigate Old Matters

Plaintiff devotes the majority of her brief to rehashing two previously unsuccessful arguments raised in opposing Twinings' motion to dismiss, and which this Court properly rejected in its decision of February 5, 2015.  Specifically, plaintiff points to: (1) the Sprouts letter (Dkt. 32, at 2-10), which she asserts is persuasive authority that any use of the term "source" in food labeling morphs into a nutrient-content claim; and (2) decisions by various California federal district courts rejecting pre-emption arguments like Twinings' in similar food misbranding cases (*id.*, at 10-11).  She does not contend that the Court overlooked either of these purported grounds for reconsideration in its prior ruling.  Nor could she, since they anchored her opposition to Twinings' motion to dismiss (see Dkt. 26, at 2, 11-12 & 13).

On this basis alone, plaintiff's request for reconsideration should be denied:  She does no more than reiterate arguments that the Court has already fully considered and rejected. *Baker*, 554 U.S. at 485 n.5; *Sasser v. Norris*, 2007 WL 1159634, at *3 (W.D. Ark. April 18, 2007) (no Rule 59 relief for "reiterations of arguments" that were "fully considered and

rejected"), citing *Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006).  Rule 59(e) is not "a

vehicle to relitigate old matters."  *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000).

See *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F.Supp.2d 1130 (D. Kan. 2005) (denying

reconsideration for dressed-up argument previously run unsuccessfully on summary judgment),

*aff'd*, 191 Fed. Appx. 822 (2006).

### B.   Plaintiff's "New" Arguments Were All Previously Available

The remaining sections of plaintiff's motion present nothing but theories and

evidence that could have been, but were not, raised previously (see Dkt. 32, at 11-16).  Plaintiff

concedes as much, remarkably confessing her calculated failure, in opposing Twinings' motion

to dismiss, to "place sufficient importance" on the issue of whether her claims might be pre-

empted (*id*., at 2).  She cannot, however, shift responsibility for this litigation choice (and lack

of diligence) to either Twinings or the Court, all the more so given that FDA regulations

governing nutrient-content claims are at the very heart of her claims in this case (and the sole

basis of her claims for deceptive and unlawful food labeling).

For the first time on reconsideration, plaintiff raises (i) comments by the FDA in the

Federal Register (Dkt. 32, at 11-13), (ii) FDA regulations defining the terms "contains" and

"provides" (*id*., at 13-15), and (iii) argument that tea is not exempt from FDA's regulation of

nutrient-content claims (*id*., at 15-16).[1]  Because plaintiff failed to make any of these points in

---

[1]   Plaintiff complains that she did not have prior opportunity to address the provisions of 21 C.F.R. § 101.9(j) exempting tea from the FDA's labeling regulations, because Twinings raised the argument in its reply (Dkt. 32, at 16 n.3).  This is a distraction.  If truly aggrieved, plaintiff could have requested leave to file a sur-reply prior to the entry of judgment, but instead waited until now to present the issue as grounds for reconsideration. Rule 59(e), however, is not "a vehicle for a party to undo its own procedural failures." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2005).  Moreover, the Court's pre-emption analysis was based on the provisions of 21 C.F.R. § 101.13(b), not the 21 C.F.R. § 101.9(j) exemption plaintiff now belatedly plays in a bid for reconsideration.  As such, reconsideration on this basis would serve no useful purpose.  Wright & Miller, supra, at § 2810.01.

opposing Twinings' motion to dismiss, they are not a valid basis for reconsideration.  Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  *Holder,* 721 F.3d at 986.  See also *Williams*, 461 F.3d at 1004 (same).  Plaintiff's reliance on the newly submitted Declaration of F. Edward Scarbrough (Dkt. 31-3), expressing his disagreement with the Court's legal reasoning, is misplaced for the same reason.[2]  As these new theories do not reflect any intervening changes in controlling law, or arguments not previously available to plaintiff when she opposed Twinings' motion to dismiss six months ago, the Court should reject them.

But there is more.

Plaintiff's case for reconsideration also fails because "[m]ere disagreement" with a legally justified decision "does not support a Rule 59(e) motion."  *U.S. ex rel. Becker v. Westinghouse Savannah River Co*., 305 F.3d 284, 290 (4th Cir. 2002), cert. denied, 538 U.S. 1012 (2003).  "Put more colorfully, 'to justify reconsideration on this basis, the prior judgment cannot be 'just maybe or probably wrong; it must … strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'"  *Lawley v. Northam*, 2013 WL 4525288, at *1 (D. Md. Aug. 23, 2013), quoting *Fontell v. Hassett*, 891 F.Supp.2d 739, 741 (D. Md. 2012).  And there is no such odor about the Court's legally justified pre-emption decision in this case.

### 1.   The Sprouts Letter Is Not Controlling Authority

The Court gave three reasons for rejecting plaintiff's reliance on the Sprouts letter as support for her misbranding claims:  (a) "warning letters 'do not mark the consummation of FDA's decision making'"; (b) such "letters are not final agency action"; and (c) "an FDA

---

[2]   Plaintiff expressly disclaims any reliance on newly discovered or previously unavailable evidence as grounds for reconsideration pursuant to Rule 59(e) (see Dkt. 19-1, at 1).

warning letter does not necessarily compel action by the recipient nor the agency, and does not represent a decision from which legal consequences would flow" (Dkt. 29, at 13-14).  Far from "manifest error," the Court's reasoning is supported by judicial decisions that have similarly treated informal FDA warning letters as non-binding interpretations of agency regulations.  See, e.g., *Schering-Plough Healthcare Prod., Inc. v. Schwarz Pharma, Inc*., 586 F.3d 500, 508 (7th Cir. 2009); *Gitson v. Trader Joe's Co*., No. 13-cv-01333, 2013 WL 5513711, at *10 (N.D. Cal. Oct. 4, 2013) ("As the [FDA] warning letters are not binding and are advisory, they do not establish conclusively that Organic Soy Milk is misbranded in violation of 21 C.F.R. Section 131.110."); *CytoSport, Inc. v. Vital Pharm., Inc.*, 894 F. Supp. 2d 1285, 1293-94 (E.D. Cal. 2012) ("FDA warning letters are informal and advisory, and do not amount to an FDA action."); *Summit Tech., Inc. v. High-Line Med. Instr., Co*., 933 F. Supp. 918, 934 n.9 (C.D. Cal. 1996) ("FDA regulatory warning letters do not constitute final agency action.").

   Plaintiff incorrectly suggests that the Sprouts letter establishes a "controlling" interpretation of FDA regulations under *Auer v. Robbins*, 519 U.S. 452 (1997) (Dkt. 32, at 3).  First, *Auer* deference is inapplicable when an agency's interpretation of a regulation simply "parrot[s]" the words of a statute.  *Gonzales v. Oregon*, 546 U.S. 243, 257-58 (2006).  That is precisely the case here:  The FDA's nutrient-content-claim regulation "parrots" the words of the Federal Food, Drug and Cosmetic Act.  Compare 21 C.F.R. § 101.13(b) ("A claim that expressly or implicitly characterizes the level of a nutrient") with 21 U.S.C. § 343(r)(1)(A) ("[A] claim … which expressly or by implication … characterizes the level of any nutrient").  In such a case, an agency's interpretation is not controlling and deference turns on its "power to persuade."  *Id*., at 255.  And the Court explained why it was not persuaded by the Sprouts letter.

Second, *Auer* deference does not come into play unless "the language of the regulation is ambiguous." *Christensen v. Harris County*, 529 U.S. 576, 588 (2000); *Solis v. Summit Contractors, Inc*., 558 F.3d 815, 823 (8th Cir. 2009) (judicial inquiry into an agency's interpretation of a rule begins with the regulation's plain language).  And the regulation here is quite clear:  A nutrient-content claim must "expressly or implicitly characterize[] the level of a nutrient."  21 C.F.R. § 101.13(b).[3]  As the Court took care explaining in its decision, the phrase "natural source" – unlike labeling terms such as "good source," "more," and "high in" that are defined under the FDA regulations – is not a nutrient-content claim because it does not characterize the amount of any nutrients in Twinings' teas (Dkt. 29, at 11).  In so holding, the Court correctly looked to the plain meaning of "nutrient content claim" under the regulations, and plaintiff identifies nothing ambiguous about 21 C.F.R. § 101.13(b) requiring judicial deference to the FDA's interpretation.  Plaintiff argues instead that the Court must follow the stated position of the FDA in the Sprouts letter *simply because* it is the FDA's position.  This is false.[4]

Third, *Auer* does not apply when "there is reason to suspect that the agency's interpretation does not reflect the agency's fair and considered judgment on the matter in question," or "when the agency's interpretation conflicts with a prior interpretation." *Christopher v. SmithKline Beecham Corp*., 132 S. Ct. 2156, 2166 (2012) (citation omitted).

---

[3]    See also *id*. § 101.13(b)(1) (defining an expressed nutrient-content claim as "any direct statement about the level (or range) of a nutrient in the food, e.g., 'low sodium' or 'contains 100 calories'"); *id*. § 101.13(b)(2)(i) (defining an implied nutrient-content claim as one that "[d]escribes the food or an ingredient therein in a manner that suggests a nutrient is absent or present in a certain amount (e.g., 'high in oat bran')").

[4]    See *Perez v. Mortgage Bankers Assoc*., 575 U.S. __, 2015 WL 998535, at *8, n.4 (Mar. 9, 2015) ("Even in cases where an agency's interpretation receives *Auer* deference, however, it is the court that ultimately decides whether a given regulation means what the agency says."); *id*., at *12 ("The agency is free to interpret its own regulations with or without notice and comment; but courts will decide – with no deference to the agency – whether that interpretation is correct [as a matter of law].") (Scalia, J., concurring).

That is the case here.  Simply put, a single conclusory sentence in a warning letter from an FDA regional office to a different manufacturer, for a different product, involving a different labeling claim does not qualify as the FDA's "fair and considered judgment."[5]  Even if it did, that interpretation conflicts with a prior FDA statement on the issue published in connection with the agency's initial adoption of its nutrient-content-claim regulations over two decades ago, when it said that "the term 'source' merely connotes that a nutrient is present but does not signify the quantity present."  Food Labeling:  Nutrient Content Claims, 58 Fed. Reg. 2302, 2345 (Jan. 6, 1993) (emphasis added).

Under this Circuit's precedent, "[d]eference is due when an agency has developed its interpretation contemporaneously with the regulation, when the agency has consistently applied the regulation over time, and when the agency's interpretation is the result of thorough and reasoned consideration."  *Sioux Valley Hosp. v. Bowen*, 792 F.2d 715, 719 (8th Cir. 1986).  Plaintiff's motion for reconsideration fails this test, too.  Her view of the Sprouts letter's persuasiveness notwithstanding, the Court did not commit "manifest error" in its own interpretation and application of the plain language of FDA regulations regarding nutrient-content claims.

### 2.  Rejection of Non-Controlling Authority Is Not "Manifest Error"

Desperately searching for evidence of "manifest error," plaintiff bundles a group of decisions by California federal district courts rejecting pre-emption arguments like Twinings' in

---

[5]  It is also not clear in any given case whether an FDA warning letter has actually been reviewed by agency counsel for legal integrity.  In 2009, former FDA Commissioner Margaret A. Hamburg announced that to "speed the issuance of warning letters," the agency was implementing a "new policy brought forward by the FDA's Chief Counsel to limit warning letter review to significant legal issues," noting that "[a]s a result, most enforcement letters will be able to move forward through a more streamlined process."  Remarks by Margaret A. Hamburg, M.D., FDA Commissioner on "Effective Enforcement and Benefits to Public Health," *Food and Drug Law Institute* (Aug. 6, 2009) (see http://www.fda.gov/NewsEvents/Speeches/ucm175983.htm).

this case (Dkt. 32, at 10).  But disagreement among district courts over legal issues does not warrant reconsideration absent a change in controlling law.  See *N.Y.C. Apparel F.Z.E. v. U.S. Customs and Border Protection Bureau*, 618 F. Supp. 2d 75 (D.D.C. 2009), citing *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006).  And plaintiff points to no such thing.

Her string citation ignores numerous examples of district courts holding, as here, state-law misbranding claims expressly barred by federal nutrient-content-claim regulations. See, e.g., *Carrea v. Dreyer's Grand Ice Cream, Inc*., 475 Fed. Appx. 113, 115 (9th Cir. 2012) (plaintiffs expressly pre-empted from imposing any nutrient-content labeling requirements "not identical to [those] under section 343(r)"); *Pardini v. Unilever U.S., Inc*., 2013 U.S. Dist. LEXIS 95756, at *15-16 (N.D. Cal. July 9, 2013) (same); *Viggiano v. Hansen Natural Corp*., 944 F.Supp.2d 877, 890 (C.D. Cal. 2013) (same); *Bronson v. Johnson & Johnson, Inc*., 2013 U.S. Dist. LEXIS 54029, at *11-12 (N.D. Cal. Apr. 16, 2013) (same); *Peviani v. Hostess Brands, Inc*., 750 F.Supp.2d 1111, 1120 (C.D. Cal. 2010) (same).  As plaintiff acknowledges (in a footnote), the Northern District of California cases on which she places so much weight are not even considered "controlling authority" in that district (see Dkt. 32, at 10 n.2:  noting *Trazo v. Nestlé USA, Inc*. holding "that use of the term 'source' does not rise to the level of a nutrient content claim").[6]

---

[6]     In *Trazo*, plaintiffs similarly alleged the Nestlé's use of the term "natural source of antioxidants" on its labels was an unauthorized nutrient-content claim that "characterize[d] the level" of antioxidants in its chocolate products in violation of § 101.54(c).  That court likewise rejected this argument, holding:  "Plaintiffs cannot conflate the term 'good source' regulated by subsection (c) with the term 'source' as used by Nestlé.  Subsection (c) plainly applies to the terms 'good source,' 'contains,' and 'provides,' without providing for inclusion of similar or lesser included terms.  A specific, finite list implies that other terms are excluded."  2013 WL 4083218, at *6.  This Court interpreted § 101.54 in like fashion, holding that "[t]he labels attached to the Complaint attest that the tea is a 'natural source of antioxidants,' but does not characterize the level of the antioxidants, and thus are not nutrient-content claims as defined in section 101.54.  This regulation is relevant to claims with a specific qualifier, such as 'good,' 'more,' and 'high.'  'Natural,' unlike the terms listed in the regulation, does not modify the word 'source' to indicate the level of the ingredient" (Dkt. 29, at 11).

Tellingly, plaintiff does not cite any Eighth Circuit cases (let alone binding precedent) that contravenes the Court's prior judgment. She does no more than identify a split of authority on the subject among the federal district courts, which is not enough. To permit alteration or amendment of a judgment on this basis would be passing strange, and effectively gut the limited scope of Rule 59(e). Neither the language of the rule nor any cases construing it contemplate such broad application. See *Innovative Home Health Care*, 141 F.3d at 1286 (Rule 59(e) serves a "limited function"). As already noted, mere disagreement with a court's legal conclusions or interpretation of case law is not grounds for altering or amending a judgment. See *Westinghouse Savannah River Co*., 305 F.3d at 290; *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

In light of the numerous decisions, including in plaintiff's citations (see Dkt. 32, at 10, n.2), that support the Court's pre-emption ruling, plaintiff's request for reconsideration based on non-binding authority should be denied. In short, a court coming down on one side of a split in authority hardly amounts to error, much less the "manifest" kind.

## II.
### PLAINTIFF IS NOT WITHIN SHOUTING DISTANCE OF RULE 60(b)

Rule 60(b) authorizes a district court "[o]n motion and just terms" to relieve a party from the obligations of a final judgment, order, or proceeding. The rule is not intended as a substitute for a direct appeal from an erroneous judgment. *Bilal v. Kaplan*, 956 F.2d 856, 857 (8th Cir. 1992); *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986), quoting *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962) and *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980).

Clause (b)(1) of this Rule allows relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect."  Where a motion "simply asserts that the court erred as a matter of law" in granting judgment, however, it does not state a proper ground for relief under Rule 60(b)(1).  *Spinar*, 796 F.2d at 1063 (Rule 60(b)(1) motion not suggesting any errors or omissions of counsel, but simply asserting that the court erred as a matter of law, is not proper grounds for relief from a judgment).  Clause (b)(6), in turn, is a catch-all permitting courts to relieve a party from a judgment for "any other reason that justifies relief."  This clause and the first five clauses of Rule 60(b) are also mutually exclusive.  Wright & Miller, supra, at § 2864.  Consequently, a motion under Rule 60(b)(6) may not be premised on any ground enumerated in (b)(1) through (b)(5).  *Liljeberg v. Health Servs. Acq. Corp*., 486 U.S. 847, 862 (1988); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006).

Relief under Rule 60(b)(6) can be had only upon proof that "exceptional circumstances prevented the moving party from seeking redress through the usual channels." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147 (8th Cir. 2013), citing *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989).  See also *Murphy v. Mo. Dep't of Corr*., 506 F.3d 1111, 1117 (8th Cir. 2007), quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).  "Exceptional circumstances," moreover, are not minted every time a party faces potentially unfavorable consequences from a proper, adverse judgment, as plaintiff wishes; they come into play only when circumstances beyond a litigant's control have barred adequate redress.  *Atkinson v. Prudential Prop. Co*., 43 F.3d 367, 373 (8th Cir. 1994).

Plaintiff cannot clear either bar.

### A.  No Legally Cognizable "Mistake"

As an initial matter, Rule 60(b)(1) requires a "mistake."  Plaintiff identifies two,

12

neither of which carries any weight in the circumstances.  She first appears to claim that the

Court's construction and application of FDA regulations to the claims in this case are mistaken.

But this is not the type of mistake that Rule 60(b)(1) is intended to cure.  *Spinar*, 796 F.2d at

1063.  Rule 60(b) is not a substitute for direct appeal of an adverse judgment, which is the

ordinary vehicle for review of legal errors like those plaintiff strains to read into the prior

judgment in this case.  See *Bilal*, 956 F.2d at 857; *Fox*, 620 F.2d at 180; *Hartman*, 304 F.2d at

432.

       The other mistake plaintiff offers as justification for relief from the Court's prior

judgment is her own.  To this end, she confesses that "[i]n retrospect, it is clear that [she] did not

place sufficient importance on" the pre-emption issue upon which her case ended up foundering

(Dkt. 19-1, at 2), and that she did not make her position on the Sprouts letter "sufficiently clear"

prior to entry of judgment (*id*., at 7).  She claims "that a more thorough presentation of the

issues and relevant authorities" would sway the Court to overlook her prior "scant briefing" of

the subject (*id*., at 2 and 7).  This is not the standard, though, because in this Circuit

"[i]gnorance or carelessness of an attorney is generally not cognizable under Fed. R. Civ.

60(b)."  *Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir. 1975).[7]

    **B.**    **No "Exceptional Circumstances"**

       Finally, plaintiff does not identify any "exceptional circumstances" of the sort

demanded for Rule 60(b)(6) relief.  She opts instead to piggy-back on her assertion that the

Court erroneously interpreted and applied FDA regulations (i.e. a "mistake" within the meaning

---

[7]    Plaintiff should not be heard to complain that she is being penalized for her attorneys' acts or omissions.  As the Supreme Court teaches in *Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (1962):  "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."

of Rule 60(b)(1)).  This is not proper, since a Rule 60(b)(6) motion cannot be premised on any

of the grounds for relief enumerated in clauses (b)(1) through (b)(5).  *Liljeberg*, 486 U.S. at 862;

*Arrieta*, 461 F.3d at 865 (Rule 60(b) clauses are "mutually exclusive").  Plaintiff's failure to

present separate grounds for relief under Rule 60(b)(6) is fatal, precluding relief on that basis.

Finally, the broad power bestowed by this clause is not intended to relieve a party

from the consequences of his or her own strategic litigation choices.  *Ackermann v. U.S.*, 340

U.S. 193, 197 (1950).  Litigants have a duty to take legal steps to protect their own interests.

Thus, a litigant like plaintiff "who bypasses arguments … cannot depict h[er] own omission as

an 'extraordinary' event that justifies post-judgment relief."  *Hill v. Rios*, 722 F.3d 937, 938-39

(7th Cir. 2013).  This being the gravamen of plaintiff's request for relief under Rule 60(b)(6)

(see Dkt. 19-1, at 2), reconsideration fails.[8]

## CONCLUSION

For all these reasons, Twinings requests denial of plaintiff's motion in its entirety.

Dated:  March 19, 2015                          Respectfully submitted,

                                                Kevin A. Crass (84029)
                                                R. Christopher Lawson (93083)

                                                FRIDAY, ELDREDGE & CLARK, LLP

                                                400 West Capitol Avenue, Suite 2000
                                                Little Rock, Arkansas  72201-3522
                                                Phone: (501) 376-2011
                                                Fax: (501) 376-2147
                                                crass@fridayfirm.com
                                                lawson@fridayfirm.com

---

[8]  Plaintiff, perhaps inadvertently, includes a request for an order "at a minimum granting further leave to amend"
(Dkt. 32, at 17).  This request should also be denied, as plaintiff asserts no grounds justifying leave to amend,
and none are available given dismissal of her claims with prejudice.

/s/  David L. Wallace
David L. Wallace, *pro hac vice*
Michael R. Kelly, *pro hac vice*

HERBERT SMITH FREEHILLS NY
LLP

450 Lexington Avenue, 14th Floor
New York, New York  10017
Phone: (917) 542-7600
Fax: (917) 542-7601
david.wallace@hsf.com
michael.kelly@hsf.com

*Attorneys for Defendant*
TWININGS NORTH AMERICA, INC.

15